# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BANK OF AMERICA, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR CERTIFICATE- HOLDERS OF EMC MORTGAGE LOAN TRUST 2005-B, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-B,** | : | **CIVIL ACTION NO. 1:12-CV-0544** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **TIMOTHY L. MARTIN, MARY ELLEN MARTIN and FIRST AMERICAN TITLE INSURANCE COMPANY** | : | |
| **Defendant** | : | |

## ORDER AND DEFAULT JUDGMENT

AND NOW, this 23rd day of April, 2013, upon consideration of the motion (Doc. 33) of Plaintiff Bank of America, National Association as successor by merger to LaSalle Bank, National Association, as Trustee for Certificate Holders of EMC Mortgage Loan Trust 2005-B, Mortgage Pass-Through Certificates, Series 2005-B, to enter default judgment against defendants Timothy L. Martin ("Mr. Martin") and Mary Ellen Martin ("Ms. Martin") (collectively, "the Martins"), and it appearing that Ms. Martin received service of process on April 24, 2012 (Doc. 17), that Mr. Martin received service of process on July 25, 2012 (Doc. 27), and that both parties have failed to plead or otherwise defend themselves against the instant claims, that

default (Doc. 31) has been entered against the Martins, see FED. R. CIV. P. 55(a) (providing for entry of default by the clerk), and that the Martins have not made an appearance in the above-captioned action, see FED. R. CIV. P. 55(b)(2) (providing for notice on motion for default judgement only if adverse party has made an appearance), and it further appearing that plaintiff seeks an order declaring that the mortgage signed by the Martins on August 20, 1998, and filed in the Office of the Recorder of Deeds of Franklin County, in Deed Book Volume 1296 at page 0385 is reformed,[1] and requiring the Office of the Recorder of Deeds of Franklin County to accept for filing a certified copy of this order, and upon further consideration of the

---

[1] Federal Rule of Civil Procedure 54(c) dictates that a default judgment may only grant the relief specifically prayed for in the pleadings. Fed. R. Civ. P. 54(c). Plaintiff here specifically seeks to reform the mortgage to encumber the following property:

> ALL THAT CERTAIN real estate lying and being situated in Guilford Township, Franklin County, Pennsylvania, bounded and described as follows:
>
> BEGINNING at an iron pin at corner of lands of David M. Martin and on line of lands of Ralph Hepfer on a plan of lost hereinafter referred to; Thence by lands of David M. Martin, North 61 degrees 51 minutes 56 seconds West, 105.81 feet to set iron pin; Thence by the same, north 14 degrees 53 minutes 19 seconds East; 119.73 feet to an existing iron pin; Thence by lands of Hepfer, South 14 degrees 53 minutes 19 seconds West, 111.12 feet to a set iron pin, being the place of beginning, Being Parcel Numbers D-28-15A & D-28-15B.
>
> Being Tax Parcel 10-D-28-015A and 10-D-28-015B; and being commonly known as 5045 Wayne Road, Chambersburg, Pennsylvania and 5051 Wayne Road, Chambersburg, Pennsylvania.

court's evidentiary hearing of March 27, 2013 on the instant motion,[2] see FED. R.

---

[2] On March 27, 2013, the court conducted an evidentiary hearing to determine the intent of the parties to a mortgage on the property at 5051 Wayne Road, Chambersburg, Pennsylvania. At that time, Bank of America presented uncontested evidence that the Martins, as mortgagors, and National Future Mortgage, Inc. ("NFMI"), as mortgagee, intended the mortgage to encumber not only the property known as 5051 Wayne Road (corresponding with Tax Parcel No. 10-D-28-015B), but also the property known as 5045 Wayne Road, Chambersburg, Pennsylvania (corresponding with Tax Parcel No. 10-D-28-015A).

The court heard the testimony of Harold Galo, a representative of JP Morgan Chase Bank, N.A. ("Chase"), the current servicer of the loan in question. Galo presented evidence that on or about August 20, 1998, the Martins entered into a loan transaction, by which NFMI lent to the Martins the sum of $96,300.00. The loan was evinced by Adjustable Rate Note, (see Hearing, Pl's. Ex. 1, March 27, 2013), and secured by the subject mortgage. The mortgage was thereafter recorded in the office of the Franklin County Recorder of Deeds on September 11, 1998. (See Hr'g, Pl's. Ex. 2). It identifies the mortgaged property as being located at 5051 Wayne Avenue, Chambersburg, Pennsylvania, and states "SEE ATTACHED LEGAL DESCRIPTION" in the field for property description. (Id.) No formal legal description was ever attached to or made part of the recorded mortgage. However, Chase or the preceding loan servicers retained a copy of the subject mortgage, to which a legal description of the property was attached. Though the unrecorded mortgage also identifies the property as 5051 Wayne Road, it does contain the contemplated legal description, which indicates that the property to be encumbered includes both Tax Parcel Nos. 10-D-28-015A and 10-D-28-15B. (Id.) The unrecorded mortgage's description replicates that found in "Schedule C" of the First American Title Insurance Company Title Commitment. (Hr'g, Pl's. Ex. 4). Bank of America also presented evidence that the Martins treated the two parcels, which contained their business and home, respectively, as one property in their Uniform Residential Loan Application (Hr'g, Pl's. Ex. 5) and in their 1997 federal income tax return (Hr'g, Pl's. Ex. 6).

It is apparent to the court that, through inadvertence, the parties to the original mortgage omitted the legal description of the property to be encumbered, which is expressly contemplated by the terms of the mortgage. Schedule C, attached to the servicer's copy of the mortgage and contained in the First American Title Commitment, provides that description and evinces a clear intent that the mortgage encumber both parcels.

3

CIV. P. 55(b)(2)(C) (permitting the court to conduct hearings to establish the truth of any allegations by evidence),[3] it is hereby ORDERED that:

---

[3] Discretion to enter default judgment rests with the district court. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987). A court evaluating the propriety of a default judgment must consider: (1) whether the plaintiff will be prejudiced if the default is denied; (2) whether the defendant has a meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions. Id. at 73-74. When, however, a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided, and the district court is typically authorized to enter default judgment based solely on the fact that the default has occurred. Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990); Deutsche Bank Nat'l Trust Co. v. Strunz, 2013 U.S. Dist. LEXIS 3203 at *4-5 (M.D. Pa. 2013).

    Here the Emcasco factors clearly weigh in favor of granting a default judgment. Unbeknownst to Bank of America at the time, its successful foreclosure action against the Martins and subsequent purchase of the subject property transferred title only to 5051 Wayne Road. This property is landlocked, and accessible only through 5045 Wayne Road, a fact of serious consequence to the resale of the property. Moreover, Bank of America has outstanding claims regarding the title insurance associated with the initial loan transaction between the Martins and NFMI. Bank of America's ability to resolve those claims with the insurer, First American Title Insurance Company, is likely to be impeded by a denial of default judgment. Consequently, Bank of America is significantly prejudiced in the absence of default judgment and reformation of the mortgage. To date, the Martins have not asserted a defense, either by answering the complaint or by opposing the present motion for default judgment, and have not provided any excuse or explanation for their default. As the Martins have never appeared in the present matter, it is unlikely that they will prove responsive to alternative sanctions. Default judgment is therefore proper.

4

1. Plaintiff's motion for default judgment (Doc. 33) is GRANTED.

2. Judgment is hereby ENTERED in favor of plaintiff Bank of America against the Martins.

3. The mortgage dated and signed by Timothy L. Martin and Mary Ellen Martin on August 20, 1988, and filed in the Office of the Recorder of Deeds of Franklin County, in Deed Book Volume 1296 at page 0385 is hereby reformed as of the date of the original filing to encumber the following property:

   > ALL THAT CERTAIN real estate lying and being situated in Guilford Township, Franklin County, Pennsylvania, bounded and described as follows:
   >
   > BEGINNING at an iron pin at corner of lands of David M. Martin and on line of lands of Ralph Hepfer on a plan of lost hereinafter referred to; Thence by lands of David M. Martin, North 61 degrees 51 minutes 56 seconds West, 105.81 feet to set iron pin; Thence by the same, north 14 degrees 53 minutes 19 seconds East; 119.73 feet to an existing iron pin; Thence by lands of Hepfer, South 14 degrees 53 minutes 19 seconds West, 111.12 feet to a set iron pin, being the place of beginning, Being Parcel Numbers D-28-15A & D-28-15B.
   >
   > Being Tax Parcel 10-D-28-015A and 10-D-28-015B; and being commonly known as 5045 Wayne Road, Chambersburg, Pennsylvania and 5051 Wayne Road, Chambersburg, Pennsylvania.

4. The Office of the Recorder of Deeds of Franklin County shall accept a copy or copies of this Order, certified as true and correct by the Clerk of this Court, for filing so that the reformation of the aforesaid Mortgage will appear in the public records in regard to the aforementioned property.

                                         S/ Christopher C. Conner
                                         CHRISTOPHER C. CONNER
                                         United States District Judge